**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**LAWYER PORTER, ET AL.**                                                        **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO.: 3:21-cv-185-JMV**

**TOWN OF TUNICA, ET AL.**                                        **DEFENDANTS**

**ORDER**

This matter is before the court on Defendants Lynn Stargill, Bobby Williams, Bob Cariker, the Planning Commissioners from 1981-2021, Jay Robertson, and Mayor Andy Dulaney's Motion [23] to Dismiss and Motion for a More Definite Statement/Spears Hearing. For the reasons discussed below, the motion, which is largely conceded or unopposed by the *pro se* plaintiffs, will be granted to the extent it seeks a Spears hearing and held in abeyance as to the balance of the relief sought pending resolution of the Spears hearing.

Plaintiffs filed their Complaint [1] in this action on August 19, 2021. As defendants, the plaintiffs listed the following people and entities: the Town of Tunica, Richard Sands, James Wilson, Lynn Stargill, Bobby Williams, Bob Cariker, the Board of Aldermen from 1981-2021, the Planning Commissioners from 1981-2021, the Code Enforcers from 1981-2021, Jay Robertson, and Mayor Andy Dulaney.

Plaintiffs filed their Amended Complaint [6] on December 27, 2021. Although no Defendants are listed in the non-existent style of the Amended Complaint, it is apparent that the plaintiffs intended to address it to the same defendants as those listed in the original Complaint. The Amended Complaint alleges discrimination, and due process violations and violation of *Miss. Code Ann.* § 45-27-5.

The facts offered in support of the asserted claims are alleged to have first arisen in 1981 when one of the plaintiffs, Lawyer Porter, Jr. (Porter), who allegedly had purchased land zoned for single housing in downtown Tunica in 1980, went before the Planning Committee to present a plan to build a bed and breakfast and was put on hold by the then-Mayor Richard Sands. Five years later, in 1986, Porter alleges that he presented another proposal to the Mayor, Board of Aldermen, and the Planning Committee for a bed and breakfast. Apparently, in that same month, Porter alleges that he had a "small food house" delivered to the downtown site and received a stop work notice. He had to pay to move the food house. Six years after that, in 1992, it is alleged that Lawyer Porter presented plans to the Mayor and Town Council and Planning Committee for an arcade and pool room and was ignored. In September 1996, a Mr. Hudson, a Mr. Douglas, and Porter allegedly went by the main street director and found out that Mr. Hudson, a Mr. Nickson, and Porter, the only black landowners in the Historic District, had been left out "from day 1 no communication about our interest in this wonderful venture." The next year, 1997, Porter alleges that he was given "the O.K. by mouth" by Mayor Bobby Williams to start preparation with a temporary conditional use for his business. Porter had another small food truck delivered and set it up to sell hot wings and sodas but apparently again received a stop work order. On November 13, 2005, Porter got upset and frustrated with the Town of Tunica because it was 100% white: the Mayor, Board of Aldermen, Planning Committee, every Committee in the City. It is unclear what other action happened that day, but 10 years later in 2015, Porter allegedly showed Mayor Cariker a "printout" of a fabricated building and Cariker allegedly told Porter that he did not need to go to the Planning Committee because Cariker was not going to approve that building. Porter alleges that, at the time, downtown Tunica was filled with fabricated buildings. One month later, Porter received a citation for failure to cut his grass,

and he and the mayor had a heated argument. The next year, 2016, Porter is alleged to have purchased a "5th wheel/tiny house" and moved it onto his land in downtown Tunica. Three weeks later, Mayor Cariker told Porter that he had to move it and Porter did, incurring fees to store it.

Four years later, in November 2020, Porter bought another "5th wheel/ tiny house" and placed it on his land again, where it is apparently still located today. Finally, according to Porter, on January 14, 2021, "[t]he same Mayor, all white planning commission, and all white alterman (sic) had a meeting with me about my conditional use permit." According to Porter, after reading his proposal to the Planning Committee and the City Administrator Jay Robertson, he asked the "Town of Tunica to get their knee off of the 'Black' landowners Necks". Porter alleges, "[h]ere they are telling me in front of the people in a call open public meeting what I could not do or have." Porter then "challenge[d] the City Administrator Jay Robertson, and the planning committee to take them down the street." The Planning Committee sent Jay Robertson with Porter. Porter alleges Jay Robertson was not aware that a white person had a similar "5th wheel/tiny house" parked in the historical district, and at this point, Porter contends City Administrator Jay Robertson locked him out of a public meeting because he was "right about the white man having a 5th wheel on his land."

The only persons or entities for whom summons have been issued and allegedly served are the Planning Commission, Lynn Stargill, Bobby Williams, "Chuck" Cariker, Jay Robertson, and Andy Dulaney. No other parties are currently before this Court.[1]

---

[1] On February 10, 2022, the following proofs of service were filed: Bobby Williams was purportedly served by serving his Wife Sandy Williams on January 25, 2022, and Jay Robertson was served on January 7, 2022, at City Hall. Mayor Andy Dulaney was also personally served on January 27, 2022, and Chairman of the Planning Commission, Clifton Johnson, was served the same day Plaintiffs allege that they served the Town of Tunica and the

As to these parties, Bob Cariker and Lynn Stargill seek dismissal under Fed. R. Civ. P. 12(b)(4)-(5). Further, all movants assert that any claim arising from facts and circumstances occurring more than 3 years prior to filing of the complaint are time barred. For the remainder of the claims, the defendants request that this Court either order the plaintiffs to provide a more definite statement or perform a Spears hearing.

In response to the motion to dismiss, Lawyer Porter, himself, asks that all persons/entities – aside from five of the original eleven named in the complaint[2] – be dismissed, including the claims of his co-plaintiff, Katrina Porter, who herself has not filed any opposition to the motion to dismiss and motion for more definite statement nor sought dismissal of her own claims. Because it is unclear that Katrina Porter also seeks dismissal of all but five of the eleven named defendants, the court will restrain from entry of an order of their dismissal pending the outcome of a Spears hearing to be conducted as discussed below.

Further, while it appears Plaintiffs' Amended Complaint alleges constitutional violations under §1983, and the controlling statute of limitations for each of such claims is the Mississippi 3-year residual statute of limitations found in *Miss. Code Ann*. § 15-1-49, thus making any allegations related to conduct prior to August 19, 2018, now time barred,[3] the court, in the interest of thoroughness, will restrain from dismissing such claims pending the outcome of the aforesaid Spears hearing.

---

Board of Altermans (sic) through Mayor Andy Dulaney. They also allege that James Wilson and the Code Enforcer are dead.

[2] The five that Lawyer Porter seeks to keep as part of the lawsuit are: the Town of Tunica, Bobby Williams, Bob Cariker, Jay Robertson, and the Planning Commissioners of 1981-2021. The six that Lawyer Porter seeks dismissal for are: Richard Sands, James Wilson, Lynn Stargill, the Board of Altermans (sic) of 1981-2021, the Code Enforcer of 1981-2021, and Andy Dulaney.

[3] This would appear to leave only those claims related to the November 21, 2020, and the January 14, 2021, events.

Finally, because the remaining allegations of the amended complaint – and against whom they are asserted – remain unclear, the court will conduct an in-person Spears hearing before further ruling in this case. There, the court will seek to clarify (1) the intent of the co-plaintiff, Katrina Porter, to prosecute this matter; (2) the facts giving rise to claims within the applicable 3-year limitations period; and (3) the participants in those events and the facts supporting purported service of such persons.

As noted, the court will enter a supplemental order on the instant motion following the Spears hearing. The time and date of the Spears hearing will be noticed by separate docket entry.

**SO ORDERED** this, the 21st day of December, 2022.

/s/ Jane M. Virden
United States Magistrate Judge