IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LAWYER PORTER, ET AL.**                                             **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO.: 3:21-cv-185-JMV**

**TOWN OF TUNICA, ET AL.**                                  **DEFENDANTS**

**ORDER GRANTING MOTION TO DISMISS (as to certain claims and/or parties)**

### I. Introduction

This matter is again before the court on Defendants Lynn Stargill, Bobby Williams, Bob Cariker, the Planning Commissioners from 1981-2021, Jay Robertson, and Mayor Andy Dulaney's Motion [23] to Dismiss (certain claims and/or parties) and for a *Spears* hearing/More Definite Statement. In as much as the request for a *Spears* hearing was previously granted [39], and a *Spears* hearing recently [43] held, only that portion of the motion that seeks dismissal remains for decision. For the reasons discussed below, the motion is granted as set forth below.

### II. Background

a. The Parties

Plaintiffs, who are Lawyer Porter and his adult daughter, Katrina Porter, filed their Complaint [1] in this action on August 19, 2021. As defendants, the plaintiffs listed the following people and entities: the Town of Tunica, Richard Sands, James Wilson, Lynn Stargill, Bobby Williams, Bob Cariker, the Board of Aldermen from 1981-2021, the Planning Commissioners

from 1981-2021, the Code Enforcers from 1981-2021, Jay Robertson, and Mayor Andy Dulaney. No summonses were issued.

Plaintiffs filed their Amended Complaint [6] on December 27, 2021. Although no defendants are listed in the non-existent style of the Amended Complaint, it is apparent that the plaintiffs intended to address it to the same defendants as those listed in the original Complaint. The Amended Complaint alleges discrimination, due process and first amendment violations, as well as violations of Miss. Code Ann. § 45-27-5 and Miss. Code Ann. §24-41-5.

### b. Service

On December 27, 2021, summonses were only issued as to the following people/entities: Bobby Williams, a Chuck Cariker, Richard Sands, Lynn Stargill, Chairman, Board of Altermans (sic), Chairman, Plainning (sic) Commissioners, James Wilson, Jay Robertson, and Andy Dulaney, Mayor. On February 10, 2022, the following proofs of service were filed: Bobby Williams was purportedly served by serving his wife Sandy Williams on January 25, 2022, and Jay Robertson was served on January 7, 2022, at City Hall. Mayor Andy Dulaney was also personally served on January 27, 2022, and Chairman of the Planning Commission, Clifton Johnson, was served the same day. Plaintiffs also allege that they served the Town of Tunica, the Board of Altermans (sic) through Mayor Andy Dulaney, and that James Wilson and the Code Enforcer are dead. Finally, on March 11, 2022, the plaintiffs filed a proof of service for a Chuck Cariker alleging personal service through "plac[ing] the compliant (sic) in mail box at residence home" on March 7, 2022, and a proof of service said to reflect personal service on Lynn Stargill at a place of business by serving the officer manager on March 8, 2022.

### c. The Facts Asserted in the Amended Complaint

The facts offered in support of the asserted claims are alleged to have first arisen in 1981 when one of the plaintiffs, Lawyer Porter, Jr. ("Porter"), who allegedly had purchased land zoned for single housing in downtown Tunica in 1980, went before the Planning Committee to present a plan to build a bed and breakfast that was put on hold by the then-Mayor Richard Sands. Five years later, in 1986, Porter alleges that he presented another proposal to the Mayor, Board of Aldermen, and the Planning Committee for a bed and breakfast. Apparently, in that same month, Porter alleges that he had a "small food house" delivered to the downtown site and received a stop work notice. He had to pay to move the food house.

Six years after that, in 1992, it is alleged that Porter presented plans to the Mayor, Town Council, and Planning Committee for an arcade and pool room and was ignored. In September 1996, a Mr. Hudson, a Mr. Douglas, and Porter allegedly "went by the main street director and found out that Mr. Hudson, a Mr. Nickson, and Porter, the only black landowners in the Historic District, have been left out from day 1 no communication about our interest in this wonderful venture." The next year, 1997, Porter alleges that he was given "the O.K. by mouth" by Mayor Bobby Williams to start preparation with a temporary conditional use for his business. Porter had another small food truck delivered and set it up to sell hot wings and sodas but apparently again received a stop work order.

On November 13, 2005, Porter alleges he got upset and frustrated with the Town of Tunica because it was 100% white: the Mayor, Board of Aldermen, Planning Committee, every Committee in the City. It is unclear what other action happened that day, but 10 years later in 2015, Porter allegedly showed Mayor Cariker a "printout" of a fabricated building, and Cariker allegedly told Porter that he did not need to go to the Planning Committee because Cariker was not going to approve that building. Porter alleges that, at the time, downtown Tunica was filled

with fabricated buildings. One month later, Porter received a citation for failure to cut his grass, and he and the mayor had a heated argument.

The next year, 2016, Porter is alleged to have purchased a "5th wheel/tiny house" and moved it onto his land in downtown Tunica. Three weeks later, Mayor Cariker told Porter that he had to move it, and Porter did, incurring fees to store it.

Four years later, in November 2020, Porter bought another "5th wheel/ tiny house" and placed it on his land again, where it is still located today. Finally, according to Porter, on January 14, 2021, "[t]he same Mayor, all white planning commission, and all white alterman (sic) had a meeting with me about my conditional use permit." According to Porter, after reading his proposal to the Planning Committee and the City Administrator Jay Robertson, Porter asked the "Town of Tunica to get their knee off of the 'Black' landowners Necks." Porter alleges, "[h]ere they are telling me in front of the people in a call open public meeting what I could not do or have." Porter then "challenge[d] the City Administrator Jay Robertson, and the planning committee to take them down the street." The Planning Committee sent Jay Robertson with Porter. Porter alleges Jay Robertson was not aware that a white person had a similar "5th wheel/tiny house" parked in the historical district, and at this point, Porter contends City Administrator Jay Robertson locked him out of a public meeting because he was "right about the white man having a 5th wheel on his land."

### d. The Motion to Dismiss and for *Spears* Hearing or More Definite Statement

On March 17, 2022, defendants Bob Cariker, Andy Dulaney, Planning Commissioners, Jay Robertson, Lynn Stargill, and Bobby Williams filed the instant motion [22] to dismiss and for more definite statement or *Spears* Hearing. On June 21, 2022, Porter filed his response [32]

to the instant motion, and on June 28, 2022, movants filed their reply [33]. On December 21, 2022, the undersigned granted the request for a *Spears* hearing and held the portion of the motion seeking dismissal in abeyance until the *Spears* hearing was conducted on January 10, 2023. The motion to dismiss is now ripe for decision.

Movants' motion to dismiss is premised on several bases. First, movants assert that any claim made by the plaintiffs accruing from alleged actions or inactions prior to August 19, 2018 (three years prior to the date this suit was filed on August 19, 2021), is barred as a matter of law by the applicable 3-year statute of limitations. Based on the same statute of limitations, the defendants assert this Court should dismiss Richard Sands, James Wilson, Lynn Stargill, and Bobby Williams as the plaintiffs have made no allegations against them for any behavior on or after August 19, 2018. Secondly, movants assert Andy Dulaney should also be dismissed as he is not mentioned once throughout the plaintiffs' Amended Complaint. Thirdly, that Plaintiffs filed suit against "BOB CARIKER, Formal Mayor" but the summons issued and improperly served is for a "Chuck Cariker." As such, Bob Cariker should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4); and finally, service of process issues also require dismissal of Lynn Stargill and Bob Cariker under Fed. R. Civ. P. 12(b)(5). Namely, movants assert Lynn Stargill was not served in any manner described by Fed. R. Civ. P. 4(e), but instead, a copy of the Complaint was left with his "business manager" and "Chuck" Cariker was also not properly served as his copy of the Complaint and Summons was left in a mailbox.

e. The Response

Only one of the plaintiffs, Lawyer Porter, filed a response to the instant motion. In it, he asserted first that he was moving therein to have the following defendants dismissed from this

case: Richard Sands, James Wilson, Lynn Stargill, Board of Altermans (sic), Code Enforcer, Clifton Johnson, and Andy Dulaney.

Secondly, while acknowledging the amended complaint makes no allegations against Bobby Williams occurring within the 3-year limitations period, he suggests that no limitations period should apply to Williams' conduct because "he misused public trust" and "was completely cruel and discriminatory as mayor."

Thirdly, he asserts that "Chuck Cariker was served correctly on 6-15-2022…"

Finally, he sought dismissal of his daughter, his co-plaintiff, as a party.

**f. The Reply**

By way of reply, the defendants do not oppose either the proposed dismissal of Katrina Porter's claims or Lawyer Porter's request to dismiss Richard Sands, James Wilson, Lynn Stargill, Board of Altermans (sic), Code Enforcer, Clifton Johnson, and Andy Dulaney. As for the 3-year statute of limitations, the defendants note Plaintiff does not protest, on any grounds, its application, except to assert it should not apply to Williams due to the character of his alleged conduct – conduct that the defendants point out predates 2005. Finally, as to the assertion that Chuck Cariker was correctly served on June 15, 2022, movants reassert that "'Chuck Cariker' is not a defendant in this action, Bob Cariker is[,]" and service, in any event, was untimely pursuant to Fed. R. Civ. P. 4(m)'s 90-day period for the same.

**III.   Analysis**

First, to the extent that Lawyer Porter seeks dismissal of any claim by his daughter Katrina Porter, the court finds his request, on her behalf, improper. Nevertheless, due to the fact

that Ms. Porter has both filed no opposition to the motion to dismiss and, more importantly, has by letter to the court dated January 12, 2023, and received on January 18, 2023, herself requested the court dismiss any claims brought by her in this action,[1] those claims will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Secondly, as for Lawyer Porter's own request that all persons/entities – aside from five of the original eleven named in the complaint – be dismissed,[2] the court similarly finds that dismissal appropriate pursuant to Fed. R. Civ. P. 41(a)(2).

Thirdly, in as much as Plaintiffs' Amended Complaint alleges constitutional violations under §1983, and nowhere asserts a claim to which a statute of limitations that exceeds three (3) years applies, any allegations related to conduct prior to August 19, 2018, are now time barred and due to be dismissed. *See Cuvillier v. Taylor*, 503 F.3d 397, 401-02 (5th Cir. 2007) (finding Mississippi's 3-year residual statute of limitations found in Miss. Code Ann. § 15-1-49 applicable to claims pursuant to § 1983). This would leave, under the allegations of the amended complaint, only those claims related to the November 21, 2020, and the January 14, 2021, events.

Next, as concerns any claims against Defendant Bob Cariker, the court notes with respect to the assertion that there has not been sufficient process made on him pursuant to Fed. R. Civ. P. 12(b)(4), that that argument is well taken. Indeed, to be proper, a summons must "be directed to the defendant." FED. R. CIV. P. 4(a)(1)(B). Here, Plaintiffs filed suit against "BOB CARIKER, Formal (sic) Mayor" but the summons issued and improperly served is for "Chuck Cariker."

---

[1] The Clerk's office is hereby directed by this Court to docket the letter from Ms. Porter.
[2] The five that Lawyer Porter seeks to keep as part of the lawsuit are: the Town of Tunica, Bobby Williams, Bob Cariker, Jay Robertson, and the Planning Commissioners of 1981-2021. The six that Lawyer Porter seeks dismissal for are: Richard Sands, James Wilson, Lynn Stargill, the Board of Altermans (sic) of 1981-2021, the Code Enforcer of 1981-2021, and Andy Dulaney.

Bob Cariker has further been improperly served pursuant to Fed. R. Civ. P. 12(b)(5). Specifically, Fed. R. Civ. P. 4(e) allows service on an individual in the following ways: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. In their reply, movants assert, and the court adopts the following:

> Because the validity of service of process has been contested, the plaintiffs bear the burden of establishing its validity. Here, the improperly issued summons to "Chuck Cariker" was not properly served, as the first time the plaintiffs attempted service, the complaint and summons was left in someone's mailbox. And, as for Plaintiffs' new allegation that they have cured this defect because they personally served "Chuck" Cariker on June 15, 2022, this service is also improper. Fed. R. Civ. P. 4(m) states that: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiffs' Amended Complaint was filed on December 27, 2021, Plaintiffs are well outside the 90-day deadline.

Notwithstanding these findings, in light of the fact that it appears Defendant Bob Cariker is alleged to have acted within the 3-year statute of limitations, Plaintiff's *pro se* status, and the court's well-recognized discretion to do so as explained in *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996), Lawyer Porter will be granted an additional forty (40) days in which to have a summons in the proper name of Defendant Bob Cariker issued and properly served.

Finally, as for the assertion that there has not been sufficient process made on Lynn Stargill, that argument is also well taken. Lynn Stargill was not served in any manner described by Fed. R. Civ. P. 4(e), but instead, a copy of the Complaint was left with his "business

manager." However, in light of the fact that, as discussed above, Lawyer Porter has himself requested the dismissal of Lynn Stargill, and the court is granting that request, it is unnecessary to take up the need for additional time to accomplish proper service on this defendant.

### IV. Conclusion

Accordingly, it is ordered that: (1) all claims asserted by Katrina Porter are dismissed with prejudice and she is terminated as a party plaintiff; (2) the following defendants are dismissed with prejudice as per Plaintiff Lawyer Porter's request: Richard Sands, James Wilson, Lynn Stargill, the Board of Altermans (sic) of 1981-2021, the Code Enforcer of 1981-2021, and Andy Dulaney; (3) all claims arising from alleged wrongful conduct set forth in the operative complaint and said to have occurred before August 19, 2018, are dismissed with prejudice; and (4) that while service on Defendant Bob Cariker was insufficient and improper, Plaintiff will have an additional 40 days to have a proper summons issued and effectuate service of process on Bob Cariker.

Stated differently, in this action only Lawyer Porter remains as a plaintiff and only the following defendants remain: (1) Bob Cariker – but only to the extent he is properly summonsed and served within 40 days of today's date and only to the extent he is alleged to have engaged in complained of conduct within 3 years prior to the date this suit was filed, August 19, 2021; (2) Jay Robertson – but only to the extent he is alleged to have engaged in complained of conduct within 3 years prior to the date this suit was filed, August 19, 2021; (3) the Planning Commissioners of 1981-2021 – but only to the extent they are alleged to have engaged in complained of conduct within 3 years prior to the date this suit was filed, August 19, 2021; and (4) The Town of Tunica – but only to the extent it is alleged to have engaged in complained of

conduct within 3 years prior to the date this suit was filed, August 19, 2021. All remaining parties and claims are dismissed with prejudice.

**SO ORDERED** this, the 3rd day of February, 2023.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**