# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**LAWYER PORTER, ET AL.**                                                  **PLAINTIFFS**

**v.**                            **CIVIL ACTION NO.: 3:21-cv-185-JMV**

**TOWN OF TUNICA, ET AL.**                                      **DEFENDANTS**

## ORDER ON MOTION TO DISMISS DEFENDANT BOB CARIKER

This matter is before the court on the unopposed Motion [53] of Defendant, "Bob" Cariker, by counsel, to Dismiss pursuant to *Fed. R. Civ. P.* 12(b)(4), (5). For the reasons discussed below the motion will be granted.

Plaintiff, Lawyer Porter, filed this Complaint[1] in this action on August 19, 2021. Plaintiff paid the filing fee for the same on October 25, 2021. "Bob" Cariker was listed as one of the original defendants. No defendant was served with the initial complaint. Plaintiff then filed an Amended Complaint [6] on December 27, 2021, and although no Defendants are listed in the Amended Complaint, it is apparent that the plaintiff intended to address it to the same defendants as those listed in the first Complaint, including "Bob" Cariker.

On December 27, 2021, summonses were issued, including one to Chuck Cariker, Mr. Cariker's correct name. *See* [53-1]. On March 11, 2022, the plaintiff filed a proof of service for Chuck Cariker [18] alleging personal service through "plac[ing] the complaint in mail box at residence home" on March 7, 2022.

---

[1] As originally filed, Katrina Porter was also named as a Plaintiff, but she was subsequently dismissed by this Court's Order [47] on February 3, 2023.

On March 17, 2022, numerous defendants filed a Motion to Dismiss [22] asserting various defenses, including insufficient process and insufficient service of process. This Court granted that motion, in part, and as to Bob Cariker allowed him to remain "but only to the extent he is properly summonsed and served within 40 days" of the date of the Court's order. A summons was then issued, this time to Bob Cariker, but it was served on Chuck Cariker. Importantly for this motion, it is uncontested that the summons was *not* served with a copy of the Amended Complaint. *See* [53-1].

Fed. R. Civ. P. 4(c)(1) provides: "[a] summons must be served with a copy of the complaint." Improper service is subject to dismissal under Fed. R. Civ. P. 12(b)(5), and while misnomer in the Complaint and summons is not a basis for dismissal, *see Aerielle Techs., Inc. v. Procare Int'l Co.*, No. 2:08-cv-284-TJW, 2011 WL 767775, at *2 (E.D. Tex. Feb. 28, 2011) (quoting *In re Just For Feet, Inc.*, 299 B.R. 343, 350 (Bankr. D. Del. 2003)) ("A mere mistake as to a party's name does not defeat the service."), the failure to serve Mr. Cariker with both the summons and complaint is. *See id.* (quoting *Barron v. Miami Executive Towers Assoc. Ltd Partnership*, 142 F.R.D. 394, 397 (S.D.N.Y. 1992)) ("Although strict conformity with Rule 4's provisions is not required in every instance ... actual receipt of both the summons and the complaint is a base requirement."). Nor does it matter if Mr. Cariker was already aware of this action as "actual notice is not sufficient substitute for proper service." *Hecker v. Plattsmier*, 2009 WL 4642014, at *2 (E.D. La. Nov. 25, 2009) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)).

Here, Mr. Cariker was only served with a summons, not the amended complaint. Thus, Mr. Porter failed to comply with the "base requirement" of Fed. R. Civ. P. 4(c). Further, more than 470 days has lapsed without proper service of the summons and amended complaint being

made on Mr. Cariker, nor has there been any request for an extension of the 90-day period for service allowed for in Fed. R. Civ. P. 4(m). Indeed, Plaintiff has filed no opposition at all to the instant motion to dismiss. Although courts generally apply less stringent standards to *pro se* parties, *pro se* litigants must still reasonably comply with the rules of civil procedure. *See, e.g., Baughman v. Hickman*, 935 F.3d 302, 311-12 (5th Cir. 2019).

Accordingly, Mr. Cariker's UNOPPOSED Motion to Dismiss is **GRANTED** and all claims against Bob Cariker are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(4),(5).

**SO ORDERED,** this the 28th day of April, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**